UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BAUSCH & LOMB INCORPORATED, et al,

                                      Plaintiffs,        Case # 20-CV-06452-FPG
v.                                                         DECISION AND ORDER

ZEAVISION LLC,

                                      Defendant.

## INTRODUCTION

Plaintiffs Bausch & Lomb Incorporated ("Bausch & Lomb") and PF Consumer Healthcare 1 LLC ("PF Consumer Healthcare 1") (collectively, "Plaintiffs") bring this 35 U.S.C. § 271 action against Defendant ZeaVision LLC ("ZeaVision" or "Defendant") for alleged infringement of U.S. Patent Nos. 6,660,297 and 8,603,522 (collectively, the "Patents-in-Suit"). ECF Nos. 1, 21. In response, Defendant filed a Motion to Dismiss or Transfer Venue. ECF No. 21. Plaintiffs responded in opposition, ECF No. 24, and Defendants replied, ECF No. 26. For the reasons set forth below, Defendant's Motion is GRANTED.

## BACKGROUND

Bausch & Lomb is a (i) New York corporation with a principal place of business in Rochester, New York, and a (ii) wholly owned subsidiary of Bausch Health Americas, Inc., a Delaware corporation. ECF No. 1. PF Consumer Healthcare 1 is a Delaware limited liability company with a principal place of business in Delaware. *Id*. ZeaVision is also a Delaware limited liability company, with a principal place of business in Chesterfield, Missouri, located in the Eastern District of Missouri. *Id*. Plaintiffs and Defendant produce similar eye vitamin products that treat macular degeneration. *Id*.

The patents-in-suit cover Plaintiffs' products. *Id*. Bausch & Lomb and PF Consumer Healthcare 1, as joint owners of the patents-in-suit, allege *inter alia* that ZeaVision is infringing, inducing infringement of, and/or contributing to the infringement of the patents-in-suit in the United States by making, using, offering to sell, selling, or importing compositions, methods, components, or materials covered by the patents-in-suit. *Id*. ZeaVision moves for dismissal of the action for improper venue or, in the alternative, transfer to the Eastern District of Missouri. ECF No. 21. Plaintiffs do not dispute venue is presently improper in the Western District of New York, but maintain the District of Delaware is a more appropriate venue. ECF No. 24.

Several pending or dismissed lawsuits among the parties affect the Court's treatment of Defendant's present Motion. For the purposes of this Decision and Order, the Court lists them by venue and in chronological order.

### A. Western District of New York

On June 30, 2020, Plaintiffs filed its present Complaint against Defendant, as well as ten other similar complaints against different defendants, in which Plaintiffs allege infringement of the patents-in-suit. ECF No. 1. On January 19, 2021, ZeaVision moved to dismiss or transfer the complaint, ECF No. 16. On February 8, 2021, Plaintiff filed an Amended Complaint, in which it included false advertising and unfair competition claims. ECF No. 20. On February 22, 2021, ZeaVision again moved to dismiss or transfer the Amended Complaint for improper venue. ECF No. 21. The parties do not dispute venue is improper with respect to ZeaVision in the District. *See* ECF 21, 24, 26. Plaintiffs allege they expected Defendant to waive its improper venue defense as a result of discussions that occurred between the parties. ECF No. 24, 28. Defendant disputes this. ECF No. 21.

## B. Eastern District of Missouri

On January 19, 2021, ZeaVision filed a Declaratory Judgment Complaint against Plaintiffs in the Eastern District of Missouri that involves the patents-in-suit in the present action. *See ZeaVision LLC v. Bausch & Lomb Inc*., No. 4:21-CV-00072 JAR, 2021 WL 5905986, at *1 (E.D. Mo. Dec. 14, 2021). ZeaVision's Complaint requested orders declaring that ZeaVision's products do not infringe any the patents-in-suit, as well as an order declaring that the labeling and marketing claims of ZeaVision's products do not violate false advertising or state unfair competition laws. *Id*. On December 14, 2021, the U.S. District Court for the Eastern District of Missouri dismissed the action for (i) lack of personal jurisdiction over Bausch & Lomb and (ii) because the present action and Motion, ECF No. 21, is pending here in the Western District of New York and the Court believed it "prudent" to allow this Court to determine the venue question first. *Id* at *6.

On December 20, 2021, ZeaVision filed another Complaint against Bausch & Lomb in the Eastern District of Missouri alleging violations of the Clayton and Sherman Antitrust Acts and the Lanham Act. *See* Complaint at 1, *ZeaVision LLC v. Bausch & Lomb Inc*., No. 4:21-CV-01487 (E. D. Mo. filed Dec. 20, 2021). In the Complaint, ZeaVision alleged that the present Bausch & Lomb patent infringement action brought in the Western District of New York is "sham litigation" and part of a broader business strategy executed in violation of federal antitrust laws. *Id*; *see also* ECF No. 29. The action remains pending in the Eastern District of Missouri. ECF No. 29.

## C. District of Delaware

On June 30, 2020, Plaintiffs filed a Complaint against SBH Holdings LLC ("SBH"), a Delaware limited liability company and non-party to the present action or any of the above actions, in the Western District of New York, alleging infringement of the patents-in-suit. *See Bausch &*

3

*Lomb Inc. v. SBH Holdings LLC*, No. 20-cv-06451 (June 2020, W.D.N.Y.). On October 1, 2020, SBH moved to dismiss the action for improper venue under Rule 12(b)(3). *Id*. On November 2, 2020, Plaintiffs voluntarily dismissed the Complaint under Rule 41(a)(1)(A)(i). *Id*.

On October 28, 2020, Plaintiffs brought the same action for patent infringement against SBH, but in the District of Delaware. *See Bausch & Lomb Inc. v. SBH Holdings LLC*, No. CV 20-1463-LPS, 2022 WL 856750, at *1 (D. Del. Mar. 23, 2022). The action remains pending. *Id*.

## DISCUSSION

"Venue provisions are designed […] to allocate suits to the most appropriate or convenient forum." *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 710 (1972). The patent venue statute, 28 U.S.C. § 1400(b), provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business. "As applied to domestic corporations, 'reside[nce]' in § 1400(b) refers only to the State of incorporation." *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1521 (2017).

A party may move to dismiss an action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). A "plaintiff bears the burden of establishing that venue is proper once venue is challenged." *Tour Tech. Software, Inc. v. RTV, Inc.*, 377 F. Supp. 3d 195, 200 (E.D.N.Y. 2019). In deciding a motion to dismiss for improper venue, a court "may consider facts outside the pleadings . . . [including] declarations and exhibits attached to [Plaintiffs'] Complaint and in support of the parties' memoranda." *Id*. When venue is improper, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408,

4

435 (2d Cir. 2005); *see also K.A. Holdings Ltd. of NY v. Chagaris*, No. 07-CV-9675, 2009 WL 10685159, at *5 (S.D.N.Y. Nov. 13, 2009) ("Whether dismissal or transfer is appropriate lies within the sound discretion of the district court.").

With respect to such a transfer, 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The purposes of § 1404(a) are to "prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *O'Brien & Gere, Inc. of N. Am. v. Barton Rands, Ltd.*, 497 F. Supp. 2d 507, 510 (W.D.N.Y. 2007) (internal quotation marks omitted). Under § 1404(a), "[c]ourts first determine whether the action could have been brought in the prospective transferee district, and then consider whether transfer would be appropriate." *Placek v. Shopoff*, No. 18-CV-4326, 2018 WL 4572253, at *3 (S.D.N.Y. Sept. 24, 2018). Courts are guided by, but not limited to, several factors in determining whether a requested transfer is appropriate:

> (1) plaintiff's choice of forum, (2) convenience of the witnesses, (3) location of evidence, (4) convenience of the parties, (5) locus of the operative facts, (6) ability to compel the attendance of witnesses, (7) relative means of the parties, and (8) trial efficiency and the interests of justice.

*irth Sols., LLC v. Apex Data Sols. & Servs.*, LLC, No. 18-CV-6884-FPG, 2019 WL 283831, at *5 (W.D.N.Y. Jan. 22, 2019). The district court has "wide latitude to decide whether to transfer venue." *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 742 (S.D.N.Y. 2013). It is well-settled, however, that a plaintiff's choice of forum is often "given great weight." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006). Ultimately, "[t]he

5

moving party ... bears the burden of showing that transfer is warranted in light of these factors." *EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 348 (E.D.N.Y. 2012).

Here, the parties do not dispute that venue is improper in the Western District of New York because Defendant ZeaVision does not reside in the District, nor has ZeaVision "committed acts of infringement" in the District, nor does ZeaVision have a "regular and established place of business" in the District.  *See* ECF No. 21; 28 U.S.C. § 1400(b).  Plaintiffs, as discussed, claim they expected Defendant to waive the venue defense before Defendant filed its present Motion. ECF No. 24.  Defendant argues such an expectation was unwarranted, and Plaintiffs' suit should be dismissed because Plaintiffs' initial choice of venue is indisputably improper.  ECF No. 21.

If the action is not dismissed, but transferred, Plaintiffs request transfer to the District of Delaware because Defendant is a Delaware limited liability company and another case that involves the patents-in-suit, as discussed above, is pending there; Defendant, on the other hand, requests transfer to the Eastern District of Missouri because Defendant's "regular and established place of business" is in the District and another case between Plaintiffs and Defendant that involves the patents-in-suit is pending there.  *See* ECF No. 21, 24.  The parties agree this cause of action could be heard in either of the requested venues, but each argues its respective choice is in the "interests of justice" and more convenient to the "parties and witnesses."  28 U.S.C. § 1404(a).

Because "[d]ismissal is a harsh remedy that is best avoided when another avenue is open," and "[transfer] of an action, rather than outright dismissal, will allow [a] case to be expeditiously adjudicated on its merits[,]" the Court rejects Defendant's request for dismissal, and turns to the parties' requests for transfer to either the Eastern District of Missouri or the District of Delaware. *Nelson v. Wells Fargo Bank, N.A.*, No. 17-CV-4045 (LAP), 2019 WL 2514229, at *11 (S.D.N.Y.

6

June 18, 2019) (citing *Int'l Flavors & Fragrances Inc. v. Van Eeghen Int'l B.V.*, No. 06 Civ. 490 (JFK), 2006 WL 1876671, at *8 (S.D.N.Y. July 6, 2006)).

Because the parties agree this action could have been brought in the Eastern District of Missouri or the District of Delaware, ECF No. 21, 24, the primary question before the Court is whether the factors listed above support a transfer to either the former or the latter.  For the reasons set forth below, the Court finds that Defendant, the moving party, meets its burden of demonstrating that transfer to the Eastern District of Missouri is warranted.   The most salient factors are discussed below.

### A. Plaintiffs' Choice of Forum

A plaintiff's choice of forum ordinarily should not be disturbed unless the balance of convenience and justice "tips heavily in favor of transfer." *Izkhakov v. Educ. Comm'n for Foreign Med. Graduates*, No. 12 Civ. 348, 2012 WL 2861338, at *3 (S.D.N.Y. July 10, 2012).  However, where a plaintiff's first choice of venue is found to be indisputably improper, a plaintiff's second choice of venue should not be accorded much weight. *See Moto Photo, Inc. v. K.J. Broadhurst Enters., Inc.*, No. 301CV2282-L, 2003 WL 298799, at *4 (N.D. Tex. Feb. 10, 2003) (concluding plaintiff's second choice of forum entitled to less weight where initial forum improper); *Health Discovery Corp. v. Ciphergen Biosystems, Inc.*, No. 2:06-CV-260 (TJW), 2007 WL 128283, at *3 (E.D. Tex. Jan. 11, 2007) (concluding plaintiff's second choice entitled to no deference); *FPC Corp. v. Uniplast, Inc.*, 994 F. Supp 945, 946 (N.D. Ill. 1998) (same).

Here, Plaintiffs admit their first choice of venue, the Western District of New York, was improper.  Plaintiffs request that the cause of action be transferred to their second choice, the District of Delaware, where Defendant is registered as a limited liability company and the parties agree venue would be proper.  *See* 28 U.S.C. § 1391.  Still, because Plaintiffs filed this action in

7

the wrong venue, ostensibly hoping Defendant would waive their venue defense, and are now pursuing their second choice, the Court accords little weight to Plaintiffs' choice of venue. However Plaintiffs may have arrived at their purported expectation that Defendant would waive its venue defense in this action, Plaintiffs could have resolved this matter more expediently without burdening this Court with this motion practice. In short, because a plaintiff's second choice of venue is entitled to little deference, the first factor, Plaintiff's choice of venue, accordingly weighs in favor of neither Plaintiffs nor Defendant.

### B. Convenience of the Witnesses

Convenience of the witnesses is generally considered the most important factor in a Court's determination of the appropriateness of a venue transfer. *Hart v. Crab Addison, Inc.*, No. 13-CV-6458-CJS, 2014 WL 2865899, at *3 (W.D.N.Y. June 24, 2014). Where parties each contend that convenience favors one side over the other, "[a] [c]ourt 'does not merely tally the number of witnesses who reside in the [proposed] forum in comparison to the number located in [an alternative] forum'; but rather 'must qualitatively evaluate [ ] the testimony that the witnesses may provide.'" *Dickerson v. Novartis Corp. & Alcon Labs., Inc.*, 315 F.R.D. 18, 27 (S.D.N.Y. 2016) (quoting *Herbert v. Elec. Arts, Inc.*, 325 F. Supp. 2d 282, 286 (S.D.N.Y. 2004)).

In this action, each party claims its choice of venue is more convenient for witnesses. Defendant claims the Eastern District of Missouri is more convenient for witnesses because ZeaVision's headquarters is in the District and the company conducts the vast majority of its operations in the District, not the District of Delaware. Defendant's primary connection to the District of Delaware is its registration as a limited liability company there. In addition, Defendant notes that the pending antitrust action in the Eastern District of Missouri between the parties involves the patents-in-suit such that some of the same witnesses may be called. Plaintiffs, on the

8

other hand, claim the District of Delaware is more convenient for witnesses because another action involving the patents-in-suit, between Plaintiffs and a third party, is pending in the District, in which some of the same witnesses may be called.

The Court finds this factor weighs in favor of Defendant. Because the present action alleges Defendant's infringement of Plaintiffs' products, much of the alleged misconduct and witnesses allegedly involved would be in the Eastern District of Missouri, where the vast majority of ZeaVision's business, fulfillment, customer service, marketing, sales, oversight and product development operations are conducted. ZeaVision's only apparent connection to the District of Delaware is their registration as a limited liability company in the state. Moreover, Defendant's pending antitrust action in the Eastern District of Missouri may involve similar witnesses. In addition, Plaintiffs' claim that their pending case in the District of Delaware more effectively promotes convenience is unavailing. While Plaintiffs' action in Delaware may be about the patents-in-suit that are the subject of this action, the action is not a dispute between Plaintiffs and Defendants; it is between Plaintiffs and a non-party to this action. It suffices to say that while some of Plaintiffs' witnesses may overlap in each of those actions, none of Defendant's will because Defendant is not named in the Delaware action. Further, to the extent other pending actions may include similar witnesses, Defendant's action against Plaintiffs in the Eastern District of Missouri is related to the patents-in-suit that are the subject of the present action. That is,

Defendant's action is both between the relevant parties and the underlying dispute is related to the patent infringement action before the Court today, unlike Plaintiffs' pending action in Delaware.

In sum, because ostensibly all of Defendants' witnesses and testimony relevant to this dispute would be located in the District and the parties are currently involved in litigation in the Eastern District of Missouri, this factor weighs in favor of Defendant.

### C.  Location of Evidence

The analysis the Court engages in above applies with equal force to this factor.  In short, because ZeaVision conducts the vast majority of its operations in the Eastern District of Missouri, not the District of Delaware, much of the evidence relevant to this dispute would be located in that District.  This factor accordingly weighs in favor of Defendant.

### D.  Convenience of the Parties

When analyzing the convenience to the parties, courts often look to the parties' principal places of business and the location of their offices.  *See, e.g., DiPizio v. Empire State Dev. Corp.*, No. 15 Civ. 5339, 2015 WL 5824704, at *6 (S.D.N.Y. Oct. 5, 2015); *Martignago v. Merrill Lynch & Co.*, No. 11 Civ. 3923, 2012 WL 112246, at *7 (S.D.N.Y. Jan. 12, 2012).

In this action, Bausch & Lomb's principal place of business and offices are in New York.  PH Consumer Healthcare LLC's principal place of business is in Delaware.  ZeaVision's principal place of businesses and headquarters are in Missouri.  Because each requested forum, the District of Delaware and the Eastern District of Missouri, appears only to shift convenience from one party

to another, the Court assigns this factor little weight.  Plaintiffs and Defendant would each be inconvenienced by the other's request.

### E. Relative Means of the Parties

Where there is significant financial disparity between the parties, this factor may support or discourage a requested transfer.  *Sepanski v. Janiking, Inc.*, 822 F. Supp. 2d 309, 319 (W.D.N.Y. 2011).  Here, Plaintiff Bausch & Lomb is a multinational, publicly traded corporation with billions of dollars in revenue requesting transfer to the District of Delaware, where it appears to conduct some business.  Meanwhile, Defendant is a smaller limited liability company that appears to operate almost entirely out of the state of Missouri.  As a privately held company, ZeaVision's financial means are unknown, but unlikely to meet or exceed Bausch & Lomb's.  For these reasons, this factor weighs in favor of Defendant.

### F. Summary

In sum, the factors favoring transfer to Defendant's preferred forum include the convenience of the witnesses, the location of the evidence, and the relative means of the parties.  Neutral factors include Plaintiffs' choice of venue and the convenience of the parties.  No factors weigh in favor of transfer to Plaintiffs' requested forum.  Accordingly, the Court finds that the balance of factors supports a transfer of this action to the Eastern District of Missouri, Defendant's preferred forum.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss or Transfer Venue, ECF No. 21, is GRANTED.  The Clerk of Court is hereby directed to close this case and transfer the case to the Eastern District of Missouri.

IT IS SO ORDERED.

Dated: August 31, 2022
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York